**KENDREDGE MCKINNON, SR.,**

        **Plaintiff,**

**-vs-**                               **Case No. 6:10-cv-325-Orl-28DAB**

**WELLS FARGO BANK, N.A.,**

        **Defendants.**

_____

# ORDER

This cause is before the Court on the Complaint (Doc. 1) and Plaintiff's Motion and Application for Temporary and Permanent Injunction and Application for Temporary Restraining Order (Doc. 2). Plaintiff names a state court judge and several private parties as Defendants and appears to assert that his real property was improperly foreclosed upon. In his Complaint, Plaintiff asks "that the sale be set aside and that he recover title to [the] Property free and clear of any lien by Defendants and seek[s] cancellation of the debt." (Doc. 1 at 3). In his motion, Plaintiff asks this court to enjoin the state court judge from holding hearings or other proceedings in the apparently ongoing property foreclosure matter in circuit court in Orange County, Florida. (See Doc. 2 at 11). Plaintiff also asks this Court to otherwise involve itself in that state court matter with regard to the other named Defendants by restraining their conduct. (See id. at 12-13).

Although it is difficult to discern from the filings the precise chain of events that led to the allegedly improper foreclosure sale, it appears that Plaintiff seeks for this Court to set

aside a sale of real estate that occurred pursuant to a foreclosure judgment entered by a Florida state court. Plaintiff either asks this federal court to review a state court judgment or to interfere with ongoing state court proceedings, or both. Under these circumstances, this Court must abstain from exercising jurisdiction under the Rooker/Feldman[1] doctrine and the principles espoused in Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

To the extent Plaintiff asks this court to overturn a state foreclosure judgment, this Court lacks subject matter jurisdiction over this case and it must be dismissed under Rooker/Feldman. See, e.g., Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160 (8th Cir. 1996); Thompson v. Ameriquest Mortgage Co., No. 03 C 3256, 2003 WL 22012207, at *3 (N.D. Ill. Aug. 21, 2003) ("In essence, Plaintiff's numerous past filings, as well as her present action, all endeavor to remedy one injury—foreclosure on her home. . . . Plaintiff's complaint asks us to draw a different conclusion than that reached by the [state] Circuit Court. As a consequence, we are without subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court. Because the *Rooker-Feldman* doctrine compels a federal court to give full faith and credit to the judgments of state courts, see 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.").

---

[1]Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Moreover, insofar as Plaintiff requests this Court to interfere with ongoing state court proceedings, this Court must abstain from exercising jurisdiction. In Younger, the Supreme Court set forth a "'strong federal policy against federal-court interference with pending state judicial proceedings.'" Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (quoting H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000)). Where there are ongoing state proceedings that "implicate important state interests" and "provide the plaintiff an adequate opportunity to litigate federal claims," abstention is required under Younger. Id. These elements are satisfied here, and accordingly this case shall be dismissed. Id.; see also Fisher v. Fed. Nat'l Mortgage Ass'n, 360 F. Supp. 207 (D. Md. 1973).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Because Plaintiff seeks for this Court to interfere with or review state court proceedings, this case is **DISMISSED without prejudice**.

2. All pending motions, including Plaintiff's Motion and Application for Temporary and Permanent Injunction and Application for Temporary Restraining Order (Doc. 2) are **DENIED as moot.**

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 1st day of March, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party